IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

PAMELA McCAULEY,

        Plaintiff,

v.                            CIVIL ACTION NO. /ð-ℓ-8ðℱ

AMEDISYS HOLDING, L.L.C., and
TIFFANY JONES, individually
and in her capacity as area vice-
president for Amedisys Holding,
L.L.C.

        Defendants.

## COMPLAINT

### I. NATURE OF CLAIM

1.    This Complaint is brought by Pamela McCauley, a former employee of Amedisys Holding, L.L.C.. Pamela McCauley brings this action to obtain full and complete relief for Amedisys' unlawful employment practices.

2.    This proceeding seeks compensatory and punitive damages against these defendants; to redress the deprivation of rights secured by the West Virginia Human Rights Act; and to redress the deprivation of rights secured to the plaintiff by West Virginia Code § 21-5-1 *et seq.*

### II. PARTIES

3.    Pamela McCauley, for all times relevant to this Complaint, was a resident of Monongalia County, West Virginia.

4.    Defendant Amedisys Holding, L.L.C. ("AMEDISYS"), on information and belief, is a Louisiana Corporation; at all times relevant herein, Defendant Amedisys, was doing business in

Monongalia County, West Virginia, as owners of Amedisys Hospice.

5.    Defendant Tiffany Jones, on information and belief, at all times relevant herein, is a resident of Wood County, West Virginia.

## FACTS

6.    Pamela McCauley was, at all times relevant herein, over the age of forty (40) years who was protected by the age discrimination provisions of §5-11-1 *et seq.* of the West Virginia Code, to wit: The West Virginia Human Rights Act.

7.    Pamela McCauley was employed, at all times relevant herein, by Amedisys.

8.    In January, 2009, Pamela McCauley was employed by Amedisys, as a clinical manager of Amedisys Hospice located in Morgantown, Monongalia County, West Virginia.

9.    At all relevant times herein, Pamela McCauley was performing her work satisfactory at a level that met or should have met the Defendants' legitimate expectations.

10.   On or about September 24, 2012, Defendant Tiffany Jones, acting in her position as an area vice-president for Defendant Amedisys fired Pamela McCauley.

11.   When Amedisys terminated the employment of Pamela McCauley, it retained another younger individual to do work previously done by the Plaintiff and at a rate of pay substantially lower than that previously paid to the Plaintiff.

12.   Pamela McCauley's age was a determining, motivating, and substantial factor in the Defendants' decision to terminate the

2

employment of Pamela McCauley and to employ a younger person at lower pay to do her job.

### FIRST CAUSE OF ACTION

(West Virginia Human Rights Act)

13. Plaintiff incorporates by reference herein paragraphs 1 through 12 of the Complaint.

14. The termination of Pamela McCauley's employment by the Defendants was based upon her age in violation of the West Virginia Human Rights Act.

15. As a direct and proximate result of her discharge, the Plaintiff has incurred and will continue to incur lost wages and benefits and emotional distress, entitling her to damages for past and future lost wages and benefits and damages for emotional distress in an amount to be determined by a jury.

16. The conduct of the Defendants was willful, deliberate, intentional, and/or undertaken in disregard for the rights and sensibilities of the Plaintiff and others similarly situated, entitling the Plaintiff to punitive damages in an amount to be determined by the jury commensurate with the income and assets of the defendants.

17. The Defendants are also liable for attorney fees and costs pursuant to the West Virginia Human Rights Act.

### SECOND CAUSE OF ACTION

18. Plaintiff incorporates by reference herein paragraphs 1 through 17 of the Complaint.

3

19.   Upon information and belief, there may be additional illegal reasons for the Plaintiff's discharge which may be revealed in discovery.   Accordingly, the Plaintiff reserves the right to amend this Complaint.

WHEREFORE, Plaintiff prays for:

1.   A jury trial on all issues triable by a jury;

2.   Damages as set forth in this Complaint; and

3.   Costs, attorney fees, and such other and further relief as this Court may deem just and equitable.

PAMELA McCAULEY,
PLAINTIFF,
BY COUNSEL.

J. BRYAN EDWARDS, ESQ. (State Bar #6886)
CRANSTON & EDWARDS, PLLC
DORSEY AVENUE PROFESSIONAL BUILDING
1200 DORSEY AVENUE, SUITE II
MORGANTOWN, WV 26505
(304) 296-3500

4



# S U M M O N S

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**PAMELA MCCAULEY,**

      **Plaintiff(s),**

**Vs.**                          **Civil Action No. 12-C-823**

**AMEDISYS HOLDING, L.L.C., and**

**TIFFANY JONES, individually and in her
Capacity as area vice-president for
Amedisys Holding, L.L.C.,**

      **Defendant(s).**

TO THE ABOVE NAMED DEFENDANT:

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **J. Bryan Edwards, Esq.,** plaintiff's attorney whose address is: **1200 Dorsey Avenue – Suite 2, Morgantown, WV  26501** an answer, including any related counter-claim you may have to the complaint filed against you in the above style civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **20 days** after service of this summons upon you, exclusive of the date of service.

      If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

**Dated:   December 18, 2012**

                     *Jean Friend*

                **Jean Friend Clerk of the Circuit Court**

                     *Cindy Thomas*

**By:** _____

                **Deputy Circuit Clerk**

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

PAMELA McCAULEY,

        Plaintiff,

v.                          CIVIL ACTION NO. __12-C-823__

AMEDISYS HOLDING, L.L.C., and
TIFFANY JONES, individually
and in her capacity as area vice-
president for Amedisys Holding,
L.L.C.

        Defendants.

### PLAINTIFF'S FIRST COMBINED DISCOVERY REQUESTS TO DEFENDANT AMEDISYS HOLDING, L.L.C.

Pursuant to Rules 33 and 34 of the West Virginia Rules of Civil Procedure, the Plaintiff, Pamela McCauley, hereby requests that the Defendant, Amedisys Holding, L.L.C., respond to the following requests for discovery made herein under oath within forty-five (45) days from the date of service hereof.

### Instructions

1.    These discovery requests are deemed to be continuing so as to require the filing of supplemental responses promptly in the event that the defendants or their representatives, including counsel, learn additional facts not set forth in the responses or discover that information given in response to any of the discovery requests is incorrect. Such supplemental responses may be filed from time to time, but in no event later than thirty (30) days after such further information is received.

2.    Each discovery request is to be answered separately and as complete as possible.

Definitions

The following definitions shall apply throughout these discovery requests:

1.    The words "defendant", "you" and "your" include the named defendant, Amedisys Holding, L.L.C., its subsidiaries, parent companies, sister companies and affiliates, and its employees, agents and other representatives, including counsel of the named defendant.

2.    The word "identify" as used in connection with a person or persons means: state the name, title and present address of such person or persons.

3.    The word "identify" as applied to any document means to state the following:

a.    its date;

b.    the identity of its author;

c.    the identity of its sender;

d.    the identity of the person to whom it was addressed;

e.    the identity of the recipient;

f.    the format;

g.    the title;

h.    the number of pages; and

i. the identity of the persons known or believed to

2

have possession, custody, control or access to the documents.

4.   The word "document" shall mean any written, printed, typed or other graphic matter of any kind or nature, including but not limited to agreements, note, memorandum, agenda, calendar entries, correspondence and financial records, and all mechanical and electronic sound recordings or transcripts in the possession and/or control of the defendant or agents of the defendant or known by the defendant to exist.

5.   Where appropriate, the singular means the plural, and the plural means the singular.

<u>Requests</u>

REQUEST NO. 1:  Please <u>identify</u>, as that term is defined herein, each and every individual who participated in any manner in providing information used to respond to any of the Requests herein and state with regard to each response which individual provided any such information.

RESPONSE:

REQUEST NO. 2:  Please <u>identify</u>, as that term is defined herein, all <u>documents</u>, as that term is defined herein, contained in the plaintiff's personnel file and all other documents maintained by this defendant which relate to the plaintiff, including, but not limited to, the following:

a.   The plaintiff's complete salary and wage records,

3

payroll records, commission and bonus records, and W-2 forms for every year of her employment with this defendant;

b.   All performance evaluations and job reviews of the plaintiff during each of the years of employment with this defendant;

c.   Records of any complaints concerning the work performance of the plaintiff and any warning notices to the plaintiff about these complaints;

d.   The written description of each position held by the plaintiff during employment with this defendant;

e.   All correspondence, handwritten notes, memoranda and other documents, as that term is defined herein, which discuss the decision of this defendant to terminate the plaintiff;

f.   All documents, notes, memoranda or computer-stored information documenting any and all conversations and/or meetings, whether formal or informal, which discuss (1) the layoff of the plaintiff; (2) the decision to eliminate her position; (3) the defendant's decision to reorganize the position at its Morgantown office; and/or (4) the decisions to eliminate other positions at the Morgantown office; and

g.   Any and all other files and documents maintained by this defendant at any location, which in any manner relate to the hiring, employment and/or termination of the plaintiff, including, but not limited to, the plaintiff's employment application, performance evaluations, memoranda to file, correspondence, telephone messages, salary and benefit information, promotions,

4

raises, investigations, and any other manner whatsoever however designated or maintained whether maintained on paper, magnetic storage media, computer photographically, or in any other manner or fashion.

This Request is to be construed as broadly as possible so as to encompass all documents and tangible items relating to the plaintiff which were ever maintained, received, generated or acquired by this defendant, its subsidiaries, sister companies and affiliates.

RESPONSE:


REQUEST NO. 3:  Please produce complete copies of all documents identified in your response to Request No. 2 above.

RESPONSE:


REQUEST NO. 4:  With respect to the decision to terminate the plaintiff from employment, please state the following information for each and every person who was consulted about the decision and/or was in any way involved in the decision making progress:

a.    the person's name, home address and telephone number, and business address and telephone number;

b.    date of hiring;

c.    job title at the date of hire;

5

d.    each  job  title  held  since  the  date  of  hire, specifying for each such job title the department or operational unit to which assigned and the inclusive dates the job title was held;

e.    a summary of that person's role or involvement with respect to the decision to terminate the plaintiff from employment;

f.    whether the person received any promotions or salary increases  subsequent  to  the  plaintiff's  termination  from employment, and, if so, state the dates and reasons for each such promotion or salary increase;

g.    the dates, if any, when that person worked directly with the plaintiff; and

h.    a summary of each and every act or omission of the plaintiff which that person has personal knowledge of occurring which you consider to have been a basis for the termination of plaintiff.

RESPONSE:


REQUEST NO. 5:  Please produce all documents contained in the personnel files maintained by this defendant for each of the persons identified in your response to Request No. 4 above.

RESPONSE:


REQUEST NO. 6:  Please describe, in as much detail as

6

possible, the sequence of events leading up to the decision to terminate the plaintiff from employment.   Your answer should explain the chain of command that was followed in making the termination decision and <u>identity</u>, as that term is defined herein, of any and all meetings, conferences and other communications that took place relating to the termination decision.

      RESPONSE:


      REQUEST NO. 7:   Please state the date on which the decision to terminate the plaintiff was made.

      RESPONSE:


      REQUEST NO. 8:   Please state the specific reason(s) why the plaintiff was terminated.

      RESPONSE:


      REQUEST NO. 9:   Please <u>identify</u>, as that term is defined herein, any and all past, present and former employees of this defendant who were ever disciplined or terminated for reasons similar to the reasons for the plaintiff's termination.

      RESPONSE:


7

REQUEST NO. 10:  Please state for the plaintiff, Pamela McCauley, the following information:

a.   date of hiring;

b.   job title, grade or salary level and rate of pay at the date of hire;

c.   each job title held since the date of hire, specifying for each the grade or salary level, the rate of pay, the department or operational unit to which assigned, and the inclusive dates the job title was held;

d.   all salary increases given since the date of hire and the dates on which such increases became effective;

e.   whether she ever requested a transfer or promotion which was denied and, if so, the reasons for the denial; and

f.   whether prior to time of her termination, she was ever disciplined or reprimanded by the defendant for any reason, including, but not limited to, insubordination or failing to perform any employment duty or task in a satisfactory manner.

RESPONSE:


REQUEST NO. 11:  Have you or has anyone on your behalf taken the statement of any person with respect to the allegations set forth in the Complaint and/or your defenses thereto?  If so, please state the following information:

a.   the name, address, telephone number, employment status, position or other relationship, if any, with this defendant

8

of the person who gave such statement;

      b.    the date, or if the exact date is unknown, the approximate date on which such statement was given;

      c.    the name, address, telephone number, employment status, position or other relationship with the defendant, if any, of the person or persons to whom each such statement was given;

      d.    whether each such statement was oral or in writing;

      e.    the substance of each such statement; and

      f.    if such statement was in written form, the name, address, telephone number and position held with this defendant, if any, of the person(s) currently in possession of such written statement.

      RESPONSE:

      REQUEST NO. 12:  Please produce all written and recorded statements and all documents, as that term is defined herein, pertaining to all oral statements, identified in your response to Request No. 11 above.

      RESPONSE:

      REQUEST NO. 13:  With respect to each and every expert whom you intend to call at the trial of this matter, please state:

      a.    the name, address and telephone number of each such expert;

b.    the subject matter which each such expert is expected to testify;

c.    the substance of facts and opinions to which each such expert is expected to testify; and

d.    a summary of those grounds for each such opinion.

RESPONSE:

REQUEST NO. 14: Produce copies of all insurance policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment in this action.

RESPONSE:

REQUEST NO. 15: Has any civil action ever been filed in any court charging this defendant with employment discrimination (including, but not limited to age discrimination), wrongful discharge, retaliatory discharge or any other illegal or wrongful employment practice?   If so, for each such action, please state the following:

a.    the name of the court in which the action was instituted;

b.    the civil action number assigned to the case;

c.    the names of all parties to the action and the

10

attorney for the plaintiff;

d.    the nature and substance of the allegations to the complaint; and

e.    the disposition of the action or its current status.

RESPONSE:

REQUEST NO. 16:  Describe the job the plaintiff held with this defendant immediately prior to her discharge, including in your answer the following:

a.    the job title, job description and qualifications;

b.    the number of such employees employed by this defendant at any location at that time;

c.    the nature of the work performed, including all job duties; and

d.    the name, address, age and educational background of each and every supervisor of that particular job.

RESPONSE:

REQUEST NO. 17:  Did this defendant at any time during the plaintiff's employment have a personnel manual setting forth personnel policy, organizational information, etc.  If so, state the following for each such manual:

a.    the name of the manual;

b.    the description of its contents;

11

c. the name and section of the department or operating unit responsible for maintaining and updating the manual;

d. the names, offices, addresses and titles of the persons to whom it is distributed;

e. the name, office, address and title of the person who is the custodian of the manual; and

f. the inclusive dates such personnel manual was in effect.

RESPONSE:


REQUEST NO. 18: Produce all manuals and other documents identified in your response to Request No. 17 above.

RESPONSE:


REQUEST NO. 19: Did this defendant at any time during the plaintiff's employment maintain a system or procedure for employee performance evaluation? If so, state the following:

a. a brief description of the system or procedure;

b. the location and name of the files or documents containing the description of the system or procedure;

c. the name, office, address and title of the custodian of the files or documents set forth in your response to sub-paragraph (b) above;

d. a list of the forms by name and number used in

12

connection with performance evaluations and whether copies of such forms were ever placed in the employee's individual personnel files; and

e. the date(s) on which each such performance evaluation system or procedure described in this request went into effect.

RESPONSE:


REQUEST NO. 20: Produce all <u>documents</u>, as that term is defined herein, which reflect or pertain each and every system or procedure for performance evaluation identified in your response to Request No. 19 above.

RESPONSE:


REQUEST NO. 21: With respect to each and every person hired by this defendant to replace the plaintiff and/or perform duties similar to the plaintiff at the Morgantown location subsequent to the plaintiff's termination, state the following:

a. date of birth;

b. sex;

c. description of the job which the person was hired to perform;

d. the job title;

e. the name and address of each and every supervisor of that particular job;

13

f.   the address of the office, if any, where such person reports; and

g.   the name, location and description of all training programs conducted for that particular job.

RESPONSE:

REQUEST NO. 22:  State in detail how the plaintiff's performance prior to her discharge compared with this defendant's other employees.

RESPONSE:

REQUEST NO. 23:  Please identify, as that term is defined herein, all documents which were relied upon by this defendant in making the decision to terminate the plaintiff's employment.

RESPONSE:

REQUEST NO. 24:  Please produce all documents identified in your response to Request No. 23 above.

RESPONSE:

REQUEST NO. 25:  Please identify, as that term is defined herein, the following documents:

14

a.    all documents relating to any benefits to which the plaintiff would have been entitled to receive if she had not been terminated by this defendant; and

b.    all documents relating to the "vacation" benefits to which the plaintiff would have been entitled to receive if she had not been terminated by the defendant.

RESPONSE:


REQUEST NO. 26:  Please produce all documents identified in your response to Request No. 25 above.

RESPONSE:


REQUEST NO. 27:  Please identify, as that term is defined herein, all persons who were employed at this defendant's Morgantown location at any time during the plaintiff's employment, including the following information for each such employee:

a.    His/her name and address;

b.    His/her date of hire;

c.    Each position he/she held;

d.    His/her date of birth; and

e.    If said person no longer works for the defendant, his/her last day of work and the reason he/she no longer works for the defendant.

RESPONSE:

15

REQUEST NO. 28: Please <u>identify</u>, as that term is defined herein, all persons who were employed at the defendants other offices at any time during the plaintiff's employment who held positions that were similar or the same as the position held by the plaintiff at the time of her discharge, including the following information for each such person:

     a.   His/her name and address;

     b.   His/her date of hire;

     c.   Each position he/she held during his/her employment;

     d.   His/her date of birth; and

     e.   If said person no longer works for the defendant, his/her last day of work and the reason he/she no longer works for the defendant.

RESPONSE:


REQUEST NO. 29: Please produce any and all documents prepared by the defendant at any time during the plaintiff's employment which discuss the ages, average ages and/or median ages of this defendant's employees and/or the impact of older workers on this defendant.

RESPONSE:


REQUEST NO. 30: Please state the average costs of the

16

benefits provided to the plaintiff by the defendant immediately prior to the time of her discharge from employment, including the following information in your response:

  a.  Legally required benefits;

  b.  Health and other kinds of insurance benefits;

  c.  Retirement benefits, and

  d.  Any other categories of benefits provided.

  RESPONSE:


REQUEST NO. 31:  State the average costs of the benefits provided to individuals employed by this defendant at any location in positions similar to the position in which the plaintiff was employed immediately prior to her termination, including:

  a.  Legally required benefits;

  b.  Health and other kinds of insurance benefits;

  c.  Retirement benefits, and

  d.  Any other categories of benefits provided.

  RESPONSE:


REQUEST NO. 32:  Has this defendant ever been the subject of any age discrimination or other wrongful or discriminatory employment charges or claim brought by any employee in any court of law and/or with any state or federal agency.  If so, please provide the following for each such charge or claim:

17

a.    the name, address and telephone number of the party who brought the charge or claim, along with the name, address and telephone number of each such party's attorney, if any;

b.    a brief statement of the nature of the charge or claim;

c.    the court, state or federal agency with which the charge or claim was filed;

d.    the date the charge or claim was made; and,

e.    the outcome of each such charge or claim.

RESPONSE:


REQUEST NO. 33:  Has this defendant been the subject of any age discrimination or other discriminatory or wrongful employment practice complaint or grievance brought by any past or present employee of this defendant through any internal complaint system or to any company official.  If so, please provide the following information for each such complaint or grievance:

a.    the name, address and telephone number of the complaining party,   address and telephone number of each such party's attorney, if any;

b.    a brief statement of the nature of the complaint;

c.    the date the complaint was made; and,

d.    the outcome of each such charge of discrimination or harassment.

RESPONSE:

18

REQUEST NO. 34: State the manner in which employees during the year immediately prior to the plaintiff's termination were made aware of this defendant's policy and procedure concerning protection of employees from age discrimination.

RESPONSE:


REQUEST NO. 35: State the (a) name, (b) date of birth, (c) date of hire, and (d) current employment status with this defendant of each person who was employed by this defendant at any time since 1986. If any such person is no longer employed by the defendant, give the date and the reason(s) for the separation.

RESPONSE:


REQUEST NO. 36: Please produce complete copies of any and all employee handbooks and manuals, including any and all addendum, that were in effect at the time of the plaintiff's termination.

RESPONSE:


REQUEST NO. 37: Please produce complete copies of any and all daily reports, ledgers, logs, journals or diaries kept by this defendant's employees, supervisors, managers, district

19

managers and regional managers regarding the day to day operations of this defendant's locations where the plaintiff worked from 2002 to the present.

RESPONSE:


REQUEST NO. 38: Please state the names, current addresses, phone numbers, positions held, hire date and termination date of all employees, supervisors, assistant managers and managers of the Morgantown location during the plaintiff's employment at that location.

RESPONSE:


REQUEST NO. 39: Please state the names, current addresses, phone numbers, positions held, hire date and termination date of all supervisors of the plaintiff during her employment with this defendant, including in your response to specific dates when such persons were supervisors of the plaintiff.

RESPONSE:


REQUEST NO. 40: Immediately prior to her termination, was the plaintiff's total compensation package with this defendant, including her total salary and benefits, higher or greater than that of her direct supervisor? If so, please state the name,

20

address, telephone number and age of her direct supervisor and the amount of his or her total compensation package at that time.

RESPONSE:


REQUEST NO. 41:   Immediately prior to her termination, did this defendant employ any other person who held a position similar to the plaintiff's whose total compensation package, including such person's total salary and benefits, was higher or greater in amount that the plaintiff's?  If so, please state the name, address, telephone number and ages of such employees and the amount of each such person's total compensation package at that time.

RESPONSE:


PAMELA McCAULEY,
PLAINTIFF,
BY COUNSEL.

_____
J. BRYAN EDWARDS, ESQ. (State Bar #6886)
CRANSTON & EDWARDS, PLLC
DORSEY AVENUE PROFESSIONAL BUILDING
1200 DORSEY AVENUE, SUITE II
MORGANTOWN, WV 26505
(304) 296-3500

21

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

PAMELA McCAULEY,

       Plaintiff,

v.                          CIVIL ACTION NO. _13-C-823_

AMEDISYS HOLDING, L.L.C., and
TIFFANY JONES, individually
and in her capacity as area vice-
president for Amedisys Holding,
L.L.C.

       Defendants.

## COMPLAINT

### I. NATURE OF CLAIM

1.    This Complaint is brought by Pamela McCauley, a former employee of Amedisys Holding, L.L.C.. Pamela McCauley brings this action to obtain full and complete relief for Amedisys' unlawful employment practices.

2.    This proceeding seeks compensatory and punitive damages against these defendants; to redress the deprivation of rights secured by the West Virginia Human Rights Act; and to redress the deprivation of rights secured to the plaintiff by West Virginia Code § 21-5-1 *et seq.*

### II. PARTIES

3.    Pamela McCauley, for all times relevant to this Complaint, was a resident of Monongalia County, West Virginia.

4.    Defendant Amedisys Holding, L.L.C. ("AMEDISYS"), on information and belief, is a Louisiana Corporation; at all times relevant herein, Defendant Amedisys, was doing business in

Monongalia County, West Virginia, as owners of Amedisys Hospice.

5.    Defendant Tiffany Jones, on information and belief, at all times relevant herein, is a resident of Wood County, West Virginia.

FACTS

6.    Pamela McCauley was, at all times relevant herein, over the age of forty (40) years who was protected by the age discrimination provisions of §5-11-1 *et seq.* of the West Virginia Code, to wit: The West Virginia Human Rights Act.

7.    Pamela McCauley was employed, at all times relevant herein, by Amedisys.

8.    In January, 2009, Pamela McCauley was employed by Amedisys, as a clinical manager of Amedisys Hospice located in Morgantown, Monongalia County, West Virginia.

9.    At all relevant times herein, Pamela McCauley was performing her work satisfactory at a level that met or should have met the Defendants' legitimate expectations.

10.    On or about September 24, 2012, Defendant Tiffany Jones, acting in her position as an area vice-president for Defendant Amedisys fired Pamela McCauley.

11.    When Amedisys terminated the employment of Pamela McCauley, it retained another younger individual to do work previously done by the Plaintiff and at a rate of pay substantially lower than that previously paid to the Plaintiff.

12.    Pamela McCauley's age was a determining, motivating, and substantial factor in the Defendants' decision to terminate the

employment of Pamela McCauley and to employ a younger person at lower pay to do her job.

### FIRST CAUSE OF ACTION

#### (West Virginia Human Rights Act)

13.   Plaintiff   incorporates   by   reference   herein paragraphs 1 through 12 of the Complaint.

14.   The termination of Pamela McCauley's employment by the Defendants was based upon her age in violation of the West Virginia Human Rights Act.

15.   As a direct and proximate result of her discharge, the Plaintiff has incurred and will continue to incur lost wages and benefits and emotional distress, entitling her to damages for past and future lost wages and benefits and damages for emotional distress in an amount to be determined by a jury.

16.   The   conduct   of   the   Defendants   was   willful, deliberate, intentional, and/or undertaken in disregard for the rights and sensibilities of the Plaintiff and others similarly situated, entitling the Plaintiff to punitive damages in an amount to be determined by the jury commensurate with the income and assets of the defendants.

17.   The Defendants are also liable for attorney fees and costs pursuant to the West Virginia Human Rights Act.

### SECOND CAUSE OF ACTION

18.   Plaintiff   incorporates   by   reference   herein paragraphs 1 through 17 of the Complaint.

3

19. Upon information and belief, there may be additional illegal reasons for the Plaintiff's discharge which may be revealed in discovery. Accordingly, the Plaintiff reserves the right to amend this Complaint.

WHEREFORE, Plaintiff prays for:

1. A jury trial on all issues triable by a jury;

2. Damages as set forth in this Complaint; and

3. Costs, attorney fees, and such other and further relief as this Court may deem just and equitable.

PAMELA McCAULEY,
PLAINTIFF,
BY COUNSEL.

J. BRYAN EDWARDS, ESQ. (State Bar #6886)
CRANSTON & EDWARDS, PLLC
DORSEY AVENUE PROFESSIONAL BUILDING
1200 DORSEY AVENUE, SUITE II
MORGANTOWN, WV 26505
(304) 296-3500

4



# S U M M O N S

### IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**PAMELA MCCAULEY,**

   **Plaintiff(s),**

**Vs.**             **Civil Action No. 12-C-823**

**AMEDISYS HOLDING, L.L.C., and**

**TIFFANY JONES, individually and in her
Capacity as area vice-president for
Amedisys Holding, L.L.C.,**

   **Defendant(s).**

TO THE ABOVE NAMED DEFENDANT:

  IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **J. Bryan Edwards, Esq.,** plaintiff's attorney whose address is: **1200 Dorsey Avenue – Suite 2, Morgantown, WV 26501** an answer, including any related counter-claim you may have to the complaint filed against you in the above style civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **20 days** after service of this summons upon you, exclusive of the date of service.

  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

**Dated:   December 18, 2012**

           _Jean Friend_
      **Jean Friend Clerk of the Circuit Court**

      **By:** _Cindy Thomas_
          **Deputy Circuit Clerk**

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

PAMELA McCAULEY,

        Plaintiff,

v.

CIVIL ACTION NO. 12-C-823

AMEDISYS HOLDING, L.L.C., and
TIFFANY JONES, individually
and in her capacity as area vice-
president for Amedisys Holding,
L.L.C.

        Defendants.

### PLAINTIFF'S FIRST COMBINED DISCOVERY REQUESTS TO DEFENDANT TIFFANY JONES

Pursuant to Rules 33 and 34 of the West Virginia Rules of Civil Procedure, the Plaintiff, Pamela McCauley, hereby requests that the Defendant, Tiffany Jones, respond to the following requests for discovery made herein under oath within forty-five (45) days from the date of service hereof.

### Instructions

1.    These discovery requests are deemed to be continuing so as to require the filing of supplemental responses promptly in the event that the defendants or their representatives, including counsel, learn additional facts not set forth in the responses or discover that information given in response to any of the discovery requests is incorrect. Such supplemental responses may be filed from time to time, but in no event later than thirty (30) days

after such further information is received.

2.   Each discovery request is to be answered separately and as complete as possible.

## Definitions

The following definitions shall apply throughout these discovery requests:

1.   The words "defendant", "you" and "your" include the named defendant, Tiffany Jones, employees, agents and other representatives, including counsel of the named defendant.

2.   The word "identify" as used in connection with a person or persons means: state the name, title and present address of such person or persons.

3.   The word "identify" as applied to any document means to state the following:

a.   its date;

b.   the identity of its author;

c.   the identity of its sender;

d.   the identity of the person to whom it was addressed;

e.   the identity of the recipient;

f.   the format;

g.   the title;

h.   the number of pages; and

i. the identity of the persons known or believed to

2

have possession, custody, control or access to the documents.

    4.   The word "document" shall mean any written, printed, typed or other graphic matter of any kind or nature, including but not limited to agreements, note, memorandum, agenda, calendar entries, correspondence and financial records, and all mechanical and electronic sound recordings or transcripts in the possession and/or control of the defendant or agents of the defendant or known by the defendant to exist.

    5.   Where appropriate, the singular means the plural, and the plural means the singular.

Requests

    REQUEST NO. 1:  Please identify, as that term is defined herein, each and every individual who participated in any manner in providing information used to respond to any of the Requests herein and state with regard to each response which individual provided any such information.

    RESPONSE:

    REQUEST NO. 2:  Please identify, as that term is defined herein, all documents, as that term is defined herein, contained in the plaintiff's personnel file and all other documents maintained by this defendant which relate to the plaintiff, including, but not limited to, the following:

    a.   The plaintiff's complete salary and wage records,

3

payroll records, commission and bonus records, and W-2 forms for every year of her employment;

b.    All performance evaluations and job reviews of the plaintiff during each of the years of employment which was supervised by this defendant;

c.    Records of any complaints concerning the work performance of the plaintiff and any warning notices to the plaintiff about these complaints;

d.    The written description of each position held by the plaintiff during employment which was supervised by this defendant;

e.    All correspondence, handwritten notes, memoranda and other documents, as that term is defined herein, which discuss the decision of this defendant to terminate the plaintiff;

f.    All documents, notes, memoranda or computer-stored information documenting any and all conversations and/or meetings, whether formal or informal, which discuss (1) the layoff of the plaintiff; (2) the decision to eliminate her position; (3) the defendant's decision to reorganize the position at its Morgantown office; and/or (4) the decisions to eliminate other positions at the Morgantown office; and

g.    Any and all other files and documents maintained by this defendant at any location, which in any manner relate to the hiring, employment and/or termination of the plaintiff, including, but not limited to, the plaintiff's employment application, performance evaluations, memoranda to file, correspondence, telephone messages, salary and benefit information, promotions,

4

raises, investigations, and any other manner whatsoever however designated or maintained whether maintained on paper, magnetic storage media, computer photographically, or in any other manner or fashion.

This Request is to be construed as broadly as possible so as to encompass all documents and tangible items relating to the plaintiff which were ever maintained, received, generated or acquired by this defendant.

RESPONSE:


REQUEST NO. 3: Please produce complete copies of all documents identified in your response to Request No. 2 above.

RESPONSE:


REQUEST NO. 4: With respect to the decision to terminate the plaintiff from employment, please state the following information for each and every person who was consulted about the decision and/or was in any way involved in the decision making process:

a. the person's name, home address and telephone number, and business address and telephone number;

b. date of hiring;

c. job title at the date of hire;

d. each job title held since the date of hire,

5

specifying for each such job title the department or operational unit to which assigned and the inclusive dates the job title was held;

e.    a summary of that person's role or involvement with respect to the decision to terminate the plaintiff from employment;

f.    whether the person received any promotions or salary increases subsequent to the plaintiff's termination from employment, and, if so, state the dates and reasons for each such promotion or salary increase;

g.    the dates, if any, when that person worked directly with the plaintiff; and

h.    a summary of each and every act or omission of the plaintiff which that person has personal knowledge of occurring which you consider to have been a basis for the termination of plaintiff.

RESPONSE:


REQUEST NO. 5:  Please produce all documents contained in the personnel files maintained by this defendant for each of the persons identified in your response to Request No. 4 above.

RESPONSE:


REQUEST NO. 6:  Please describe, in as much detail as possible, the sequence of events leading up to the decision to

6

terminate the plaintiff from employment. Your answer should explain the chain of command that was followed in making the termination decision and identity, as that term is defined herein, of any and all meetings, conferences and other communications that took place relating to the termination decision.

RESPONSE:


REQUEST NO. 7: Please state the date on which the decision to terminate the plaintiff was made.

RESPONSE:


REQUEST NO. 8: Please state the specific reason(s) why the plaintiff was terminated.

RESPONSE:


REQUEST NO. 9: Please identify, as that term is defined herein, any and all past, present and former employees supervised by this defendant who were ever disciplined or terminated for reasons similar to the reasons for the plaintiff's termination.

RESPONSE:


REQUEST NO. 10: Please state for the plaintiff, Pamela

7

McCauley, the following information:

  a. date of hiring;

  b. job title, grade or salary level and rate of pay at the date of hire;

  c. each job title held since the date of hire, specifying for each the grade or salary level, the rate of pay, the department or operational unit to which assigned, and the inclusive dates the job title was held;

  d. all salary increases given since the date of hire and the dates on which such increases became effective;

  e. whether she ever requested a transfer or promotion which was denied and, if so, the reasons for the denial; and

  f. whether prior to time of her termination, she was ever disciplined or reprimanded by this defendant for any reason, including, but not limited to, insubordination or failing to perform any employment duty or task in a satisfactory manner.

  RESPONSE:


  REQUEST NO. 11:  Have you or has anyone on your behalf taken the statement of any person with respect to the allegations set forth in the Complaint and/or your defenses thereto?  If so, please state the following information:

  a. the name, address, telephone number, employment status, position or other relationship, if any, with this defendant of the person who gave such statement;

8

b.    the date, or if the exact date is unknown, the approximate date on which such statement was given;

c.    the name, address, telephone number, employment status, position or other relationship with the defendant, if any, of the person or persons to whom each such statement was given;

d.    whether each such statement was oral or in writing;

e.    the substance of each such statement; and

f.    if such statement was in written form, the name, address, telephone number and position held with this defendant, if any, of the person(s) currently in possession of such written statement.

RESPONSE:

REQUEST NO. 12:  Please produce all written and recorded statements and all documents, as that term is defined herein, pertaining to all oral statements, identified in your response to Request No. 11 above.

RESPONSE:

REQUEST NO. 13:  With respect to each and every expert whom you intend to call at the trial of this matter, please state:

a.    the name, address and telephone number of each such expert;

b.    the subject matter which each such expert is

9

expected to testify;

        c.    the substance of facts and opinions to which each such expert is expected to testify; and

        d.    a summary of those grounds for each such opinion.

        RESPONSE:

REQUEST NO. 14: Produce copies of all insurance policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment in this action.

        RESPONSE:

REQUEST NO. 15: Has any civil action ever been filed in any court charging this defendant with employment discrimination (including, but not limited to age discrimination), wrongful discharge, retaliatory discharge or any other illegal or wrongful employment practice?   If so, for each such action, please state the following:

        a.    the name of the court in which the action was instituted;

        b.    the civil action number assigned to the case;

        c.    the names of all parties to the action and the attorney for the plaintiff;

10

d.    the nature and substance of the allegations to the complaint; and

e.    the disposition of the action or its current status.

RESPONSE:

REQUEST NO. 16:   Describe the job the plaintiff held, which was supervised by this defendant immediately prior to her discharge, including in your answer the following:

a.    the job title, job description and qualifications;

b.    the number of such employees supervised by this defendant at any location at that time;

c.    the nature of the work performed, including all job duties; and

d.    the name, address, age and educational background of each and every supervisor of that particular job.

RESPONSE:

REQUEST NO. 17:   Did this defendant at any time during the plaintiff's employment distribute a personnel manual setting forth personnel policy, organizational information, etc.   If so, state the following for each such manual:

a.    the name of the manual;

b.    the description of its contents;

c.    the name and section of the department or operating

11

unit responsible for maintaining and updating the manual;

        d.   the names, offices, addresses and titles of the persons to whom it is distributed;

        e.   the name, office, address and title of the person who is the custodian of the manual; and

        f.   the inclusive dates such personnel manual was in effect.

        RESPONSE:


        REQUEST NO. 18:  Produce all manuals and other documents identified in your response to Request No. 17 above.

        RESPONSE:


        REQUEST NO. 19:  Did this defendant at any time during the plaintiff's employment maintain a system or procedure for employee performance evaluation?  If so, state the following:

        a.   a brief description of the system or procedure;

        b.   the location and name of the files or documents containing the description of the system or procedure;

        c.   the name, office, address and title of the custodian of the files or documents set forth in your response to sub-paragraph (b) above;

        d.   a list of the forms by name and number used in connection with performance evaluations and whether copies of such

12

forms were ever placed in the employee's individual personnel files; and

      e.  the date(s) on which each such performance evaluation system or procedure described in this request went into effect.

      RESPONSE:


      REQUEST NO. 20:  Produce all <u>documents</u>, as that term is defined herein, which reflect or pertain each and every system or procedure for performance evaluation identified in your response to Request No. 19 above.

      RESPONSE:


      REQUEST NO. 21:  With respect to each and every person hired by this defendant to replace the plaintiff and/or perform duties similar to the plaintiff at the Morgantown location subsequent to the plaintiff's termination, state the following:

      a.    date of birth;

      b.    sex;

      c.    description of the job which the person was hired to perform;

      d.    the job title;

      e.    the name and address of each and every supervisor of that particular job;

      f.    the address of the office, if any, where such person

13

reports; and

   g. the name, location and description of all training programs conducted for that particular job.

   RESPONSE:


   REQUEST NO. 22:   State in detail how the plaintiff's performance prior to her discharge compared with other similar employees supervised by this defendant.

   RESPONSE:


   REQUEST NO. 23: Please identify, as that term is defined herein, all documents which were relied upon by this defendant in making the decision to terminate the plaintiff's employment.

   RESPONSE:


   REQUEST NO. 24:   Please produce all documents identified in your response to Request No. 23 above.

   RESPONSE:


   REQUEST NO. 25: Please identify, as that term is defined herein, the following documents:

   a. all documents relating to any benefits to which the

14

plaintiff would have been entitled to receive if she had not been terminated; and

   b. all documents relating to the "vacation" benefits to which the plaintiff would have been entitled to receive if she had not been terminated.

   RESPONSE:


   REQUEST NO. 26: Please produce all documents identified in your response to Request No. 25 above.

   RESPONSE:


   REQUEST NO. 27: Please identify, as that term is defined herein, all persons who were employed at Amedisys which the plaintiff managed at any time during the plaintiff's employment, including the following information for each such employee:

   a. His/her name and address;

   b. His/her date of hire;

   c. Each position he/she held;

   d. His/her date of birth; and

   e. If said person no longer works for the defendant, his/her last day of work and the reason he/she no longer works for the defendant.

   RESPONSE:

15

REQUEST NO. 28: Please identify, as that term is defined herein, all persons who were supervised by this defendant at other offices at any time during the plaintiff's employment who held positions that were similar or the same as the position held by the plaintiff at the time of her discharge, including the following information for each such person:

a. His/her name and address;

b. His/her date of hire;

c. Each position he/she held during his/her employment;

d. His/her date of birth; and

e. If said person no longer works for the defendant, his/her last day of work and the reason he/she no longer works for the defendant.

RESPONSE:

REQUEST NO. 29: Please produce any and all documents prepared by this defendant at any time during the plaintiff's employment which discuss the ages, average ages and/or median ages of this defendant's employees and/or the impact of older workers on this defendant.

RESPONSE:

REQUEST NO. 30: Has this defendant ever been the subject of any age discrimination or other wrongful or discriminatory

16

employment charges or claim brought by any employee in any court of law and/or with any state or federal agency.  If so, please provide the following for each such charge or claim:

a.    the name, address and telephone number of the party who brought the charge or claim, along with the name, address and telephone number of each such party's attorney, if any;

b.    a brief statement of the nature of the charge or claim;

c.    the court, state or federal agency with which the charge or claim was filed;

d.    the date the charge or claim was made; and,

e.    the outcome of each such charge or claim.

RESPONSE:


REQUEST NO. 31:  Has this defendant been the subject of any age discrimination or other discriminatory or wrongful employment practice complaint or grievance brought by any past or present employee of this defendant through any internal complaint system or to any company official.  If so, please provide the following information for each such complaint or grievance:

a.    the name, address and telephone number of the complaining party,   address and telephone number of each such party's attorney, if any;

b.    a brief statement of the nature of the complaint;

c.    the date the complaint was made; and,

17

      d.   the outcome of each such charge of discrimination or harassment.

      RESPONSE:


      REQUEST NO. 32:   State the manner in which employees during the year immediately prior to the plaintiff's termination were made aware of this defendant's policy and procedure concerning protection of employees from age discrimination.

      RESPONSE:


      REQUEST NO. 33:   State the (a) name, (b) date of birth, (c) date of hire, and (d) current employment status with Amedisys of each person who was supervised by this defendant at any time since 2012.   If any such person is no longer employed by the defendant, give the date and the reason(s) for the separation.

      RESPONSE:


      REQUEST NO. 34:   Please produce complete copies of any and all employee handbooks and manuals, including any and all addendum, that were in effect at the time of the plaintiff's termination.

      RESPONSE:


18

REQUEST NO. 35: Please produce complete copies of any and all daily reports, ledgers, logs, journals or diaries kept by this defendant regarding the day to day operations and/or supervision of the Amedisys locations where the plaintiff worked from 2002 to the present.

RESPONSE:

REQUEST NO. 36: Please state the names, current addresses, phone numbers, positions held, hire date and termination date of all employees, supervisors, assistant managers and managers of the Amedisys' Morgantown location during the plaintiff's employment at that location.

RESPONSE:

REQUEST NO. 37: Please state this defendants total compensation package from Amedisys, at the time of the plaintiff's termination.

RESPONSE:

19

REQUEST NO. 38:   Immediately prior to the plaintiff's termination, did this defendant supervise any other person who held a position similar to the plaintiff's whose total compensation package, including such person's total salary and benefits, was higher or greater in amount that the plaintiff's?  If so, please state the name, address, telephone number and ages of such employees and the amount of each such person's total compensation package at that time.

RESPONSE:


PAMELA McCAULEY,
PLAINTIFF,
BY COUNSEL.


_____
J. BRYAN EDWARDS, ESQ. (State Bar #6886)
CRANSTON & EDWARDS, PLLC
DORSEY AVENUE PROFESSIONAL BUILDING
1200 DORSEY AVENUE, SUITE II
MORGANTOWN, WV 26505
(304) 296-3500

20

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

PAMELA McCAULEY,

        Plaintiff,

v.                            CIVIL ACTION NO. _12-C-823_

AMEDISYS HOLDING, L.L.C., and
TIFFANY JONES, individually
and in her capacity as area vice-
president for Amedisys Holding,
L.L.C.

        Defendants.

## COMPLAINT

### I. NATURE OF CLAIM

1.    This Complaint is brought by Pamela McCauley, a former employee of Amedisys Holding, L.L.C..  Pamela McCauley brings this action to obtain full and complete relief for Amedisys' unlawful employment practices.

2.    This proceeding seeks compensatory and punitive damages against these defendants; to redress the deprivation of rights secured by the West Virginia Human Rights Act; and to redress the deprivation of rights secured to the plaintiff by West Virginia Code § 21-5-1 *et seq.*

### II. PARTIES

3.    Pamela McCauley, for all times relevant to this Complaint, was a resident of Monongalia County, West Virginia.

4.    Defendant Amedisys Holding, L.L.C. ("AMEDISYS"), on information and belief, is a Louisiana Corporation; at all times relevant herein, Defendant Amedisys, was doing business in

Monongalia County, West Virginia, as owners of Amedisys Hospice.

5.     Defendant Tiffany Jones, on information and belief, at all times relevant herein, is a resident of Wood County, West Virginia.

FACTS

6.     Pamela McCauley was, at all times relevant herein, over the age of forty (40) years who was protected by the age discrimination provisions of §5-11-1 *et seq*. of the West Virginia Code, to wit: The West Virginia Human Rights Act.

7.     Pamela McCauley was employed, at all times relevant herein, by Amedisys.

8.     In January, 2009, Pamela McCauley was employed by Amedisys, as a clinical manager of Amedisys Hospice located in Morgantown, Monongalia County, West Virginia.

9.     At all relevant times herein, Pamela McCauley was performing her work satisfactory at a level that met or should have met the Defendants' legitimate expectations.

10.    On or about September 24, 2012, Defendant Tiffany Jones, acting in her position as an area vice-president for Defendant Amedisys fired Pamela McCauley.

11.    When Amedisys terminated the employment of Pamela McCauley, it retained another younger individual to do work previously done by the Plaintiff and at a rate of pay substantially lower than that previously paid to the Plaintiff.

12.    Pamela McCauley's age was a determining, motivating, and substantial factor in the Defendants' decision to terminate the

2

employment of Pamela McCauley and to employ a younger person at lower pay to do her job.

### FIRST CAUSE OF ACTION

(West Virginia Human Rights Act)

13. Plaintiff incorporates by reference herein paragraphs 1 through 12 of the Complaint.

14. The termination of Pamela McCauley's employment by the Defendants was based upon her age in violation of the West Virginia Human Rights Act.

15. As a direct and proximate result of her discharge, the Plaintiff has incurred and will continue to incur lost wages and benefits and emotional distress, entitling her to damages for past and future lost wages and benefits and damages for emotional distress in an amount to be determined by a jury.

16. The conduct of the Defendants was willful, deliberate, intentional, and/or undertaken in disregard for the rights and sensibilities of the Plaintiff and others similarly situated, entitling the Plaintiff to punitive damages in an amount to be determined by the jury commensurate with the income and assets of the defendants.

17. The Defendants are also liable for attorney fees and costs pursuant to the West Virginia Human Rights Act.

### SECOND CAUSE OF ACTION

18. Plaintiff incorporates by reference herein paragraphs 1 through 17 of the Complaint.

3

19.    Upon information and belief, there may be additional illegal reasons for the Plaintiff's discharge which may be revealed in discovery.    Accordingly, the Plaintiff reserves the right to amend this Complaint.

WHEREFORE, Plaintiff prays for:

1.    A jury trial on all issues triable by a jury;

2.    Damages as set forth in this Complaint; and

3.    Costs, attorney fees, and such other and further relief as this Court may deem just and equitable.

PAMELA McCAULEY,
PLAINTIFF,
BY COUNSEL.

_____
J. BRYAN EDWARDS, ESQ. (State Bar #6886)
CRANSTON & EDWARDS, PLLC
DORSEY AVENUE PROFESSIONAL BUILDING
1200 DORSEY AVENUE, SUITE II
MORGANTOWN, WV 26505
(304) 296-3500

4