```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**PAMELA MCCAULEY,**

       Plaintiff,

v.           //   CIVIL ACTION NO. 1:13CV9
                       (Judge Keeley)

**AMEDISYS HOLDING, L.L.C. and
TIFFANY JONES, individually and
in her capacity as area vice-president
for Amedisys,**

       Defendants.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS [Dkt. No. 38]

Pending before the Court is the motion of the defendant, (dkt. no. 38), Amedisys Holding, L.L.C. ("Amedisys"), seeking partial dismissal of the Second Amended Complaint of the plaintiff, Pamela McCauley ("McCauley"). For the reasons that follow, the Court **DENIES** the motion.

### I. PROCEDURAL HISTORY

On November 28, 2012, McCauley filed suit in the Circuit Court of Monongalia County, West Virginia, against the defendants, Amedisys and Tiffany Jones ("Jones") (collectively "the defendants"), asserting a claim of age discrimination in violation of the West Virginia Human Rights Act ("WVHRA"). In accordance with 28 U.S.C. § 1332, the defendants removed the case to this Court on January 17, 2013. (Dkt. No. 1). Pursuant to Fed. R. Civ. P. 15, on February 11, 2013, McCauley filed an amended complaint

**MCCAULEY v. AMEDISYS HOLDING, L.L.C. et al             1:13CV9**

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

that alleged causes of action of age discrimination in violation of the WVHRA and common law wrongful discharge against the defendants. (Dkt. No. 7).

On February 25, 2013, Amedisys moved to dismiss claim of common law wrongful discharge in McCauley's amended complaint, (dkt. no. 11), which the Court denied without prejudice. (Dkt. No. 28). McCauley then filed a Second Amended Complaint on August 8, 2013, in which she alleged causes of action of age discrimination in violation of the WVHRA, and, for the first time, violation of the West Virginia Patient Safety Act of 2001 ("Patient Safety Act" or "the Act"). (Dkt. No. 37). Amedisys moved to dismiss that complaint on September 6, 2013 on the basis that McCauley's allegation of a violation of the Patient Safety Act did not state a claim upon which relief could be granted. (Dkt. No. 38). That motion is now fully briefed and ripe for review.

## II. FACTUAL BACKGROUND

In January, 2009, Amedisys hired McCauley as clinical manager of its hospice facility in Morgantown, West Virginia. She alleges that, although she performed her work at a satisfactory level that met the defendants' legitimate expectations, Jones, who is Amedisys's area vice-president, fired her on September 24, 2012,

**MCCAULEY v. AMEDISYS HOLDING, L.L.C. et al**  1:13CV9

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

and hired a younger person to fill her position. She therefore contends that her termination was motivated by age discrimination. (Dkt. No. 37).

McCauley further contends that, throughout her employment, the defendants instructed her to write and sign prescriptions, which she was not legally authorized to do. After she informed them of her concerns about the legality of this practice, the defendants directed her to continue writing and signing prescriptions. According to McCauley, it was only shortly before they terminated her that the defendants acknowledged the unlawfulness of their directives and instructed her to stop writing prescriptions. Although McCauley complied, she was terminated, and now argues that it was the defendants' desire to conceal their illegal actions that substantially motivated them to terminate her employment. Id.

### III. LEGAL STANDARD

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). In its determination of plausibility, the Court must consider all well-pleaded factual allegations in a

**MCCAULEY v. AMEDISYS HOLDING, L.L.C. et al         1:13CV9**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S PARTIAL MOTION TO DISMISS**

complaint as true and construe them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 519 F.3d 250, 253 (4th Cir. 2009). The Court also may consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Fed. R. Evid. 201. Philips, 572 F.3d at 180 (citing Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir. 2006)); see also Katyle, 637 F.3d at 466.

Courts, however, are not required to accept conclusory allegations couched as facts and nothing more when ruling on a motion to dismiss pursuant to 12(b)(6). A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct.1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

### IV. ANALYSIS

McCauley's Second Amended Complaint sufficiently states a claim for relief under the Patient Safety Act to avoid dismissal at

4

MCCAULEY v. AMEDISYS HOLDING, L.L.C. et al              1:13CV9

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S PARTIAL MOTION TO DISMISS

this early stage. The West Virginia Legislature enacted the Patient Safety Act out of a concern for patient safety and a need to protect health care providers who witness "instances of waste or wrongdoing that detrimentally affect both the patients and the health care facility." W.Va. Code § 16-39-2. Its purpose is to protect health care providers who "are often reluctant to report the waste or wrongdoing to the administrator of the health care facility or other appropriate authority for fear of retaliatory or discriminatory treatment through termination, demotion, reduction of time, wages or benefits, or other such actions." Id. By enacting the Patient Safety Act, the West Virginia Legislature intended to "protect patients by providing protections for those health care workers with whom the patient has the most direct contact." Id.

The allegations in McCauley's Second Amended Complaint fit squarely within the type of circumstances the Patient Safety Act was designed to protect. She has alleged retaliation as a consequence of having reported her concerns about being illegally directed to write and sign prescriptions. The Patient Safety Act specifically protects health care workers in such circumstances. In pertinent part, it prohibits retaliation "in any manner against any health care worker because the worker: (1) Makes a good faith

**MCCAULEY v. AMEDISYS HOLDING, L.L.C. et al            1:13CV9**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S PARTIAL MOTION TO DISMISS**

report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instance of wrongdoing or waste [...]" W.Va. Code § 16-39-4(a). A report is considered to be made "in good faith" if the "worker reasonably believes (1) that the information is true and (2) that it constitutes waste or wrongdoing as defined in the Act." § 16-39-4(b).

Amedisys contends that McCauley's Second Amended Complaint fails to plead sufficient facts to constitute wrongdoing under the Patient Safety Act. Under the Act, "wrongdoing" is defined as "a violation of any law, rule, regulation or generally recognized professional or clinical standard that relates to care, services, or conditions and which potentially endangers one or more patients or workers or the public." W.Va. Code § 16-39-3(8).

McCauley's Second Amended Complaint specifically alleges that the defendants' directives to write and sign prescriptions constituted wrongdoing because such directives are unlawful under the Act. She further alleges that, before they fired her, the defendants admitted they knew the practice was unlawful. (Dkt. No. 37). Such allegations are clearly sufficient to state a claim of wrongdoing under the Patient Safety Act.

6

**MCCAULEY v. AMEDISYS HOLDING, L.L.C. et al                1:13CV9**

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

Amedisys also asserts McCauley failed to allege that she either reported or was about to report any such wrongdoing, as required by the Act. (Dkt. No. 39). In her Second Amended Complaint, however, McCauley specifically alleges that she made several internal reports complaining about being directed to unlawfully write and sign prescriptions. It further alleges that she was prepared to report the wrongdoing to the appropriate health care authorities. (Dkt. No. 37). Thus, at this early stage in the litigation, McCauley has sufficiently pled facts that she reported or was about to report the alleged wrongdoing. Her Second Amended Complaint therefore adequately states a claim for relief under the Patient Safety Act to survive a motion to dismiss under Fed.R.Civ. P. 12(b)(6).

## V. CONCLUSION

For the reasons discussed, the Court **DENIES** the partial motion to dismiss of the defendant, Amedisys Holding, L.L.C.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: March 4, 2014.

**MCCAULEY v. AMEDISYS HOLDING, L.L.C. et al**                      **1:13CV9**

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

                                       /s/ Irene M. Keeley
                                       IRENE M. KEELEY
                                       UNITED STATES DISTRICT JUDGE